**Pauline DANNER, Petitioner-Appellee,**

v.

**PHILLIPS PETROLEUM CO., Respondent-Appellant.**

No. 30267.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1971.

Joe V. Peacock, Odessa, Tex., W. B. Browder, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, Tex., for respondent-appellant.

Bob Hoblit, Burnett & Childs, Odessa, Tex., John de J. Pemberton, Jr., Acting Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, Philip B. Sklover, Charles L. Reischel, Attys., Equal Employment Opportunity Commission, Amicus Curiae, Washington, D. C., for petitioner-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied, 447 F.2d 159.

TUTTLE, Circuit Judge (dissenting):

After careful consideration of the petition for rehearing in this case, I respectfully dissent from the order of the court denying reconsideration of this court's action with respect to its reversal of the trial court's granting relief in favor of other female employees because of the fact that Mrs. Danner's suit was not initiated or maintained as a class action.

I would agree that the order of the trial court may have been over-broad in stating that it would retain jurisdiction to require "a proper seniority plan" for all female employees. In view, however, of the recognized fact that "whether in name or not, the suit is perforce a sort of class action for fellow employees similarly situated," see Jenkins v. United Gas Corporation, 5 Cir., 1968, 400 F.2d

28, I do not feel that the trial court erred in its broad injunction against discriminations because of sex against "any other female," as well as plaintiff.

It was undisputed that in the kind of employment in which Mrs. Danner was engaged, she was in a position or classification which had no seniority or bumping rights, whereas male employees who were qualified to, and who actually undertook, to do her work after her discharge, were protected by seniority and bumping rights. It is also clear that other employees of the defendant corporation were in classifications, principally professional ones, as to which the employees, neither male nor female, had seniority or bumping rights. Thus it would appear that the trial court would not be justified in requiring the company to provide for a proper seniority plan for *all* defendant's female employees. The most that should be required would be that all defendant's female employees be afforded every right with respect to seniority or bumping that is enjoyed by any male employee capable of, classified for, or qualified to do the kind of work in which the female employee was engaged.

It is my view that the judgment of this court should be modified and the case remanded to the trial court, on this issue, for the purpose of requiring completely equal treatment with respect to female and male employees, in whatever classification or category of employment they might compete for. It should further be modified by reinstating the trial court's injunction preventing the defendant from discriminating against other females because of sex, a simple statement of the rights granted under the Act.

From the admitted facts in this case, it is plain that any other female holding a position similar to that of Mrs. Danner, would be equally prejudiced by the lack of bumping rights as was Mrs. Danner. The fact that such other person or persons was not named or referred to in Mrs. Danner's original complaint, as a member of a class of female employees, does not, it seems to me, deprive the trial court of the right of protecting the statutory rights of such female employees in its order. This precise issue has been decided as here suggested by the Seventh Circuit Court of Appeals in the case of Sprogis v. United Air Lines, Inc., decided June 16, 1971, 7 Cir., 444 F.2d 1194. In that case the court said:

"As part of its decree, the district court retained jurisdiction to consider the possibility of extending relief to other stewardesses similarly discharged by United's enforcement of its no-marriage rule. Accordingly, the court ordered plaintiff to submit amended or supplemental pleadings, or suggestions on that matter, and gave United leave to respond. United attacks this portion of the decree as inconsistent with the policy of Rule 23 of the Federal Rules of Civil Procedure. It urges that the 'class' aspect of a Title VII action must be established prior to judgment on the merits. We need not anticipate and resolve the array of issues which may arise in the determination of the propriety of class relief. In its present posture, this case presents the bald question of the court's power to grant such relief where justice requires such action. In our opinion, Rule 23 to the contrary notwithstanding, the district court possesses such power in Title VII cases.

"The vindication of the public interest expressed by the Civil Rights Act constitutes an important facet of private litigation under Title VII. In Bowe v. Colgate-Palmolive Co., 416 F. 2d 711, 719 (7th Cir. 1969), Judge Kerner recognized that such a suit is necessarily a class action 'as the evil sought to be ended is discrimination on the basis of a class characteristic, i. e., race, sex, religion or national origin.' See also Jenkins v. United Gas Corporation, 400 F.2d 28, 33 (5th Cir. 1968). At stake, therefore, are the interests of the other members of that class, and the court has a special re-

sponsibility in the public interest to devise remedies which effectuate the policies of the Act as well as afford private relief to the individual employee instituting the complaint. Bowe v. Colgate-Palmolive Co., 416 F. 2d at p. 715; Hutchings v. United States Industries, Inc., 428 F.2d 303, 311–312 (5th Cir. 1970); Parham v. Southwestern Bell Telephone Co., 433 F.2d 421, 428–429 (8th Cir. 1970).

"Section 706(g) of the Act (note 9 supra) grants to federal courts plenary powers to fashion affirmative relief eradicating present discrimination and redressing the adverse consequences of past unlawful conduct. Cf. Local 53 of International Ass'n of Heat & Frost I.G.A. Workers v. Vogler, 407 F.2d 1047, 1052–1053 (5th Cir. 1969). In Bowe, we held that this power 'should be broadly read and applied so as to effectively terminate the practice and make its victims whole.' 416 F.2d at p. 721. In order to accomplish that result, we ordered that the 'relief should be made available to all who were so damaged whether or not they filed charges and whether or not they joined in the suit.' Id.; cf. Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 224, 84 S.Ct. 1226, 12 L.Ed.2d 256."

I, of course, do not know whether there were any other persons similarly situated to Mrs. Danner in this case. I would, however, leave it to the trial court to determine whether there were female employees whose protection was properly the subject of the court's concern, once it appeared that as to women employees of Mrs. Danner's category there was a clear discrimination which would be equally injurious to any other person in her situation or one within the employment of Phillips Petroleum Company in which a similar disparity existed.

I would grant the rehearing for the purpose of remolding our judgment as indicated above.

Before JOHN R. BROWN, Chief Judge, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges *.

JOHN R. BROWN, Chief Judge (dissenting):

For the reasons so well stated by Judge Tuttle in his dissenting opinion to the panel's action, I dissent from the Court's failure to grant rehearing en banc. We are introducing procedural niceties, technicalities and stumbling blocks which are out of harmony with all of our decisions in this very important Title VII area where individuals frequently without funds and having few legal resources, carry on the battle as private Attorneys General.

WISDOM, Circuit Judge (dissenting):

I join in Judge TUTTLE'S dissenting opinion.

---

* Judge Simpson did not participate in this case.